UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL ROBERTSON,

        Petitioner,

v.                                                             Case No. 24-cv-0707-bhl

STEVEN JOHNSON, Warden,
Milwaukee Secure Detention Facility,

        Respondent.

## ORDER

      Petitioner Jermel Robertson, a state prisoner currently incarcerated at Milwaukee Secure Detention Facility, filed a motion entitled "Motion for Correction of Improperly Enhanced Repeater Sentence" with the United States Court of Appeals for the Seventh Circuit. (ECF No. 1.) The Seventh Circuit determined that Robertson was seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 and transferred his case to the Eastern District of Wisconsin. (ECF No. 2.) The Court reviewed Robertson's petition and ordered the petitioner to file an amended petition on the Court's local form. (ECF No. 6.) Robertson complied with the Court's Order on July 1, 2024. (ECF No. 7.) Rule 4 of the Rules Governing Section 2254 Cases, requires the Court to screen Robertson's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

The petition refers to *State v. Robertson*, Milwaukee County Case Number 2014CF2937 available at https://wcca.wicourts.gov. The Court has reviewed the publicly available docket for that case and the Wisconsin Court of Appeals' decision summarily affirming Robertson's judgment of conviction. *See State v. Robertson*, No. 2020AP581-CRNM, 2021 WL 8649419 (Wis. Ct. App. Nov. 16, 2021). These records show that a jury found Robertson guilty of substantial battery causing bodily harm, a Class I felony, and disorderly conduct, a Class B misdemeanor. The circuit court found that he committed each crime as a repeat offender and as an act of domestic abuse. *Id.* at *1. Robertson appealed and his appellate counsel filed a no-merit report pursuant to Wis. Stat. Rule 809.32 (2019-20) and *Anders v. California*, 386 U.S. 738 (1967). *Id.* After Robertson filed multiple responses, the Wisconsin Court of Appeals conducted an independent review of the record and concluded there was no arguable merit as to any issue, and, on November 16, 2021, summarily affirmed the judgment. *Id.* Once the Wisconsin Court of Appeals denied his direct appeal, Robertson had thirty days to seek direct review—December 16, 2021. *See* Wis. Stat. § 808.10(1) (requiring a petition for review to be filed within thirty days of the date of the appellate court decision). The petitioner did not file a petition for review with the Wisconsin Supreme Court within thirty days and a Remittitur was issued on January 4, 2022. In his petition, the petitioner states that he sought review in the highest state court on December 20, 2023, ECF No. 7 at 3, however, the deadline for filing his petition for review expired almost two years before that date.

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. In the case of "a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]" *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). Thus, Robertson's conviction became "final," and his one-year limitations period began to run on December 16, 2021. He had one year from the date the judgment became final to file his federal habeas petition, and to be timely filed under Section 2244(d)(1)(A), Robertson was required to file his petition on or before December 16, 2022. The Court received Robertson's petition on June 3, 2024, more than a year after the statute of limitations expired. It therefore appears that Robertson's petition is untimely. Robertson claims in his petition that he filed a motion for post-conviction relief on February 1, 2024, ECF No. 7 at 5, but this would have been after the statute of limitations had expired. *See* 28 U.S.C. § 2244(d)(2); *see also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

While it appears that Robertson's petition is untimely, it may be possible (albeit unlikely) that Robertson could show that the limitation period for his claims began running at a date other than when his criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). It is also possible, but again unlikely, that Robertson could show that he is entitled to equitable tolling. *See Gladney*, 799 F.3d at 895–96; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accordingly, before dismissing the Petition as untimely, the Court will allow Robertson thirty days to explain why his claims are not barred by Section 2254's one-year statute of limitations. If Robertson fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

Accordingly,

**IT IS THEREFORE ORDERED** that, within **30 days of the date of this order**, Robertson shall show cause, if any, why his application for relief under Section 2254 is not time-barred. If Robertson fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on August 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge