UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMEL ROBERTSON,

                Petitioner,

v.                                                                                    Case No. 24-cv-0707-bhl

STEVEN JOHNSON, Warden,
Milwaukee Secure Detention Facility,

                Respondent.

---

## ORDER

---

        On August 12, 2024, the Court screened Petitioner Jermel Robertson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, determined that the petition is untimely and provided an opportunity for Robertson to explain why his claims are not barred by Section 2254's one-year statute of limitations. (ECF No. 8.) As the Court explained in its prior order, under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. Robertson did not seek review in the Wisconsin Supreme Court and thus his judgment became "'final' under § 2244(d)(1)(A) when the time for seeking such review expire[d.]" *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012); *see also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). Based on the record presented here, Robertson's conviction became "final," and his one-year limitations period began to run on December 16, 2021, but the Court did not receive Robertson's petition until June 3, 2024, more than a year after the statute of limitations had expired (December 16, 2022). The Court gave Robertson 30 days to explain why his petition was not time-barred and ordered that if he failed to respond within 30 days, his petition would be dismissed with prejudice. (ECF No. 8 at 3.)

        On August 21, 2024, Robertson filed a response. (ECF No. 9.) Robertson acknowledges that his petition is untimely and blames his untimeliness as "d[ue] to ineffective assistance." (*Id.* at 1.) But he does not explain why any alleged ineffective assistance prevented him from filing a petition for writ of habeas corpus within the one-year time period. (*Id.*) Nor does Robertson

explain what transpired between the time his conviction became final (December 16, 2021) and filing of the petition here.  He indicates that he "ha[s] very little access to the law library" and that he "had [no] knowledge of a Habeas Corpus."  (*Id.*)  These conclusory allegations do not excuse his delay and they are insufficient as a matter of law to toll the statute of limitations applicable to his petition.  *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling.); *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) (stating that "lack of legal knowledge" is not "by itself enough to justify equitable tolling").

Robertson also claims that "transcripts took over 6 months to come (see CCAP)" but it is unclear what case Robertson is referencing to.  (ECF No. 9 at 1.)  The state court docket for Milwaukee County Circuit Court Case No. 2014CF002937 shows no entries for 2022 other than the Remittitur, which was entered on January 4, 2022, and a "Notice of Completion," entered March 25, 2022.  The next entry is a "letter from the defendant" entered on December 11, 2023, over twenty (20) months later.  *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF002937&countyNo=40&mode=details (last visited 8/23/24).  Robertson thus fails to establish that he diligently pursued his rights throughout the statute of limitations period, a prerequisite to any equitable tolling.  Indeed, equitable tolling is an extraordinary remedy that is "rarely granted," *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013), and there is no basis to apply the doctrine here.  Therefore, the Court will dismiss Robertson's Section 2254 petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to issue or deny a certificate of appealability.  To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Robertson to proceed further, and a certificate of appealability is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should ask the Court of Appeals to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on August 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge